UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO PEREZ ESTEBAN,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-08235-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. No. 2) |

On October 7, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 2.) On October 8, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On October 13, 2026, respondent filed an opposition. (Doc. No. 6.) Therein, respondent concedes that the decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) compels a finding that petitioner is subject to 8 U.S.C. § 1226(a). (*Id.* at 1.) However, respondent argues that petitioner's detention is lawful because he received all of the procedures that he is entitled to under § 1226(a), including a bond hearing before an immigration judge ("IJ") who denied petitioner's request for release. (*Id.* at 3.) Respondent argues that petitioner should be required to exhaust his administrative remedies by appealing the IJ's order denying him release before seeking habeas relief. (*Id.* at 2–3.) In support of its opposition, respondent offers a copy of petitioner's Form I-213, which represents that petitioner was arrested pursuant to a warrant and provided a notice of custody determination. (*Id.* at 8.) However, respondent did not submit a copy of a warrant or initial custody determination in support of its opposition, and its supporting documentation does not establish when a warrant was issued or when petitioner received an initial custody determination.

On October 14, 2026, the court issued an order directing respondent to submit a copy of the warrant and initial custody determination. (Doc. No. 7.) On October 16, 2026, respondent filed supplemental briefing. (Doc. No. 8.) Therein, respondent states that two requests for the warrant and initial custody determination were submitted to the Department of Homeland Security (DHS) and that DHS forwarded those requests to ICE, but no response has been received. (*Id.* at 1.) Respondent further states that it "submits on its prior pleading, and the representation made in the I-213 that Petitioner was issued a notice of custody determination and the I-200." (*Id.*) To date, nothing further has been filed by respondent. Respondent has not stated any opposition to this court ruling directly on the merits of the underlying petition based upon the briefing presently before it, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. On or about May 5, 2021, petitioner entered the United States without inspection or admission. (Doc. No. 1 at 11.) On or about July 17, 2026, ICE detained petitioner in Georgia as he was leaving his home. (*Id.*; Doc. No. 6 at 7.) That same day, ICE issued and served on petitioner a notice to appear. (Doc. No. 6 at 11–12.) On September 24, 2026, an IJ ordered petitioner removed to Guatemala. (*Id.* at

27.) Petitioner reserved his right to appeal the IJ's order, and the deadline to do so is October 26, 2026. (*Id.* at 28.) Petitioner states that he intends to appeal the IJ's removal order.[1] (Doc. No. 1 at 12.)

The undersigned has previously addressed the exhaustion requirement in the immigration habeas context. *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026). The court incorporates that reasoning here and concludes that waiver of the exhaustion requirement by the court is necessary in this case "to avoid further irreparable harm and further delay in vindicating Petitioner's rights." *Giancarlo A.M. v. Cal. City Warden*, No. 1:26-cv-04036-TLN-CSK, 2026 WL 2836725, at *2 n.2 (E.D. Cal. Sept. 22, 2026).

The undersigned has also previously discussed the procedures that the government must follow when detaining a noncitizen pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–2 (E.D. Cal. Aug. 10, 2026). Most relevant to this petition are the requirements that the government detain a noncitizen pursuant to a warrant that was issued prior to or contemporaneously with their arrest and also provide the noncitizen with an initial custody determination prior to or contemporaneously with their arrest. *Id.* at *2. Here, there is no evidence before the court that petitioner was provided an initial custody determination and arrested pursuant to a warrant in accordance with § 1226(a). Accordingly, the court incorporates the reasoning set forth in *Zurita Navarro*, concludes that petitioner's detention is unlawful, and will order his immediate release.

/////

/////

[1] Because the appeal period has not elapsed, petitioner's removal order has not yet become final. 8 C.F.R. § 1241.1(c) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon expiration of the time allotted for an appeal if the [petitioner] does not file an appeal within that time[.]"); *Cherenfant v. Warden, Pike Cnty. Corr. Facility*, No. 3:26-cv-02987, 2026 WL 3085459, at *1 (M.D. Pa. Oct. 15, 2026) ("As of the date of this opinion, Petitioner's removal order is not final because his time to appeal the IJ order to the Board of Immigration Appeals ('BIA') has not yet expired.").

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Jose Alfredo Perez Esteban, A-File No. 222-570-059, from respondent's custody on the conditions, if any, he was subject to prior to his detention on or about July 17, 2026;

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE